**HALL, Commissioner of Insurance and Banking, v. FIRST GUARANTY STATE BANK OF JACKSONVILLE et al. (No. 2693.)**

(Court of Civil Appeals of Texas. Texarkana. April 11, 1923. Rehearing Denied May 31, 1923.)

Appeal from District Court, Cherokee County; L. D. Guinn, Judge.

Suit by the First Guaranty State Bank of Jacksonville against Ed Hall, Commissioner of Insurance and Banking, and others. Judgment for plaintiff, and named defendant appeals. Reversed and rendered.

W. A. Keeling, Atty. Gen., John W. Goodwin and Walace Hawkins, Asst. Attys. Gen., and Lee G. Carter, of Jacksonville, for appellant.

John B. Guinn and W. E. Stone, both of Jacksonville, and Perkins & Perkins, of Rusk, and Love, Wagner & Wagner, of Houston, for appellees.

HODGES, J. This case is in many respects a companion to that of Hall, Commissioner, v. First National Bank of Jacksonville, 252 S. W. 828, this day decided. The facts differ in no material respect. On January 1, 1921, and for some years prior thereto, the three banks at Jacksonville, including the appellee and the Farmers' Guaranty State Bank, were members of a clearing house, through which they adjusted daily balances resulting from the payment by one bank of checks drawn upon another. In the course of business the appellee acquired a number of checks drawn on the Farmers' Guaranty State Bank, and the latter had acquired and cashed a number of checks drawn on the appellee. On the morning of January 1 the representatives of these banks met in the clearing house for the purpose of adjusting their balances. It was found that the appellee held checks for the sum of $1,081.53 in excess of checks against it held by the Farmers' Guaranty State Bank. A clearing house certificate was issued stating that the sum of $1,081.53 was due the appellee. This was signed by a representative of the Farmers' Guaranty State Bank. In obedience to the prevailing custom, on the same day the appellee presented that certificate to the cashier of the Farmers' Guaranty State Bank and received therefor a draft for that sum against the Houston National Exchange Bank, payable on demand. It also appears from the record that on December 31, 1920, the appellee advanced in cash to the Farmers' Guaranty State Bank the sum of $2,500, and on the 1st day of January, 1921, it applied to and received from the Farmers' Guaranty State Bank another similar draft for $2,500 drawn on the Houston National Exchange Bank. Both of those drafts were transmitted for collection to a correspondent bank in the city of Houston. On January 3 the drafts passed through the clearing house proceedings at Houston, of which the appellee's correspondent and the Houston National Exchange Bank were members. When offered in evidence, the drafts showed the indorsement, "Paid through the clearing house." These indorsements were erased in the same manner as is shown by the evidence in the companion case above referred to. At the time those drafts were drawn by the Farmers' Guaranty State Bank on the Houston National Exchange Bank, the former had a credit on the books of the latter amounting to $15,000. The Houston National Exchange Bank held the note of the Farmers' Guaranty State Bank for an equal amount, secured by collateral worth approximately $40,000. That note was due on the 15th of January following. The appellee alleged in one count of the petition that the drafts were presented for payment and payment refused.

In what is treated as another count, it was alleged that the drafts were paid.

The trial court rendered a judgment in favor of the appellee, establishing its debt, to the extent of $1,081.53, as a valid claim against the state guaranty fund. He also awarded to the appellee a prior lien for its entire debt against the assets of the Farmers' Guaranty State Bank then in the hands of the commissioner.

It appears from the evidence that after the clearing house proceeding at Houston, in which the drafts referred to were indorsed "Paid," the officers of the Houston National Exchange Bank refused to ratify the act of the agent, erased the indorsement theretofore made, and the draft was returned to the collecting correspondent of the appellee. The Houston National Exchange Bank applied the credit to which the Farmers' Guaranty State Bank was entitled on its books to the payment of that bank's note, which matured on the 15th of that month. The appellee claims in this suit, as was done in the companion case referred to, the rights of a depositor against the state's guaranty fund, and also the right of subrogation to the collateral security held by the Houston National Exchange Bank and which was returned to the banking commissioner after he took charge of the affairs of the insolvent bank on the 4th of January, 1921.

The legal principles discussed and applied in the case of Hall, Commissioner, v. First National Bank of Jacksonville, will be applied here. For reasons there stated, the judgment in this case will be reversed, and judgment here rendered in favor of the appellant.

### On Motion for Rehearing.

HODGES, J. The motion for a rehearing is overruled for the reasons stated in the companion case of Hall, Commissioner, v. First National Bank of Jacksonville et al., 252 S. W. 828.